| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in compliance with D.N.J. LBR 9004-1(b)**<br>**SHERMAN, SILVERSTEIN,**<br>**KOHL, ROSE & PODOLSKY, P.A.**<br>Bruce S. Luckman<br>Ross J. Switkes<br>308 Harper Drive, Suite 200<br>Moorestown, New Jersey 08057<br>Telephone: (856) 662-0700<br>Email: bluckman@shermansilverstein.com<br>      rswitkes@shermansilverstein.com<br><br>- and –<br><br>**ARNALL GOLDEN GREGORY LLP**<br>Darryl S. Laddin<br>Frank N. White<br>171 17th Street, NW, Suite 2100<br>Atlanta, Georgia 30363<br>Telephone: 404-873-8120<br>Email: darryl.laddin@agg.com<br>      frank.white@agg.com<br><br>*Attorneys for Defendants American Express Company,*<br>*American Express Travel Related Services Company, Inc.,*<br>*and American Express National Bank* | |
| In Re:<br><br>THE MERIT CORPORATION D/B/A MERIT KITCHENS D/B/A MERIT KITCHEN DISTRIBUTORS, INC. D/B/A MERIT KITCHENS, INC.,<br><br>        Debtor. | (Judge: John K. Sherwood)<br><br>Chapter 7<br><br>Case No. 22-10460 (JKS) |
| BENJAMIN A. STANZIALE, Jr., Chapter 7 Trustee for The Merit Corporation d/b/a Merit Kitchens d/b/a Merit Kitchen Distributors, Inc. d/b/a Merit Kitchens, Inc.,<br><br>        Plaintiff,<br>v.<br><br>AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., AMERICAN EXPRESS NATIONAL BANK, STEPHEN EARL, JONATHON EARL, DAVID EARL and SANDRA EARL,<br><br>        Defendants. | Adv. Pro. No. 24-01035 (JKS) |

**AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES**
**COMPANY, INC. AND AMERICAN EXPRESS NATIONAL BANK'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
<u>**COUNTS I, II, III AND IV OF PLAINTIFF'S COMPLAINT**</u>

3573263.1Error! Unknown document property name.

## **TABLE OF CONTENTS**

BACKGROUND FACTS .................................................................................................... 1

ARGUMENT AND CITATION OF AUTHORITY ...................................................... 3

     I.      Pleading Requirements Under Federal Rules 8(a)(2) and 12(b)(6) ...................... 3

     II.     Counts I, II, III and IV of Plaintiff's Complaint Fail to State a
               Claim Because They Lack *Any* Factual Allegations Purporting to
               Support a *Prima Facie* Element of Each of the Constructive
               Fraudulent Transfer Claims Asserted Against AmEx ......................................... 4

CONCLUSION .................................................................................................................. 6

Defendants American Express Company ("AEC"), American Express Travel Related Services Company, Inc. ("AETRS") and American Express National Bank ("AENB;" and AEC, AETRS and AENB, collectively, "AmEx") submit this Memorandum of Law in support of their Motion, pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7008 and 7012(b) respectively, to dismiss Counts I, II, III and IV of Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Those counts of the Complaint fail entirely to allege any specific facts purporting to support one of the essential, *prima facie* elements of each of the constructive fraudulent transfer claims asserted against AmEx, and accordingly fail to meet the minimum standards for sufficiently pleading causes of action mandated by the United States Supreme Court and under the Federal Rules of Civil Procedure.

## BACKGROUND FACTS

Plaintiff Benjamin A. Stanziale ("Plaintiff") is the Chapter 7 Trustee for debtor The Merit Corporation d/b/a Merit Kitchens d/b/a Merit Kitchen Distributors, Inc. d/b/a Merit Kitchens, Inc. (the "Debtor") in the associated Chapter 7 Bankruptcy case, which was filed on January 20, 2022 (the "Petition Date").  Plaintiff filed the Complaint against AmEx [DE 1] (the "Complaint") on January 18, 2024, initiating this adversary proceeding, and seeking to recover $17,349,792.80 in transfers allegedly made by the Debtor over both the two-year and four-year periods prior to the Petition Date.

The Complaint asserts a total of five causes of action against AmEx seeking[1]: (i) recovery of fraudulent transfers under N.J.S.A 25:2-27(a) (Count I); (ii) recovery of fraudulent transfers under N.J.S.A 25:2-25(b)(2) (Count II); (iii) recovery of fraudulent transfers under N.J.S.A 25:2-

---

[1] The remaining causes of actions, Counts VI, VII and VIII, are against other defendants.

1

25(b)(1) (Count III)[2]; (iv) recovery of fraudulent transfers under §548 of the Bankruptcy Code
(Count IV); and (v) to avoid $475,627.90 in purportedly preferential transfers (Count V). The four
causes of action at issue in this Motion are the fraudulent transfers claims in Counts I, II, III and
IV.  The two-year transfers that Plaintiff seeks to avoid total just over $8.7 Million, while the four-
year transfers he seeks to avoid amount to approximately $17.3 Million.

Notwithstanding the substantial sums that Plaintiff seeks to avoid and recover from AmEx
in Counts I, II, III and IV, however, his Complaint is devoid of *any* specific factual allegations
purporting to support an essential element of each of the constructive fraudulent transfer claims
asserted in those counts – namely, the *prima facie* requirement to establish that the Debtor, at the
time of each of the transfers at issue, was insolvent, undercapitalized and/or unable to pay its debts
as they became due.  In this regard, and in three of the four counts, Plaintiff simply asserts these
elements as legal conclusions by reciting the provisions of the respective fraudulent transfer
statutes, without providing any supporting facts whatsoever.  *See* Complaint at ¶ 33 [in Count I],
¶ 38 [in Count II], and ¶ 42 [in Count III].  In Count IV, Plaintiff fails to even do the bare minimum
of reciting the provisions of the respective fraudulent transfer statute (§548 of the Bankruptcy
Code)  – he simply does not allege anything regarding the Debtor's insolvency.

As set forth in greater detail below, such threadbare and conclusory allegations, lacking
any specific factual foundation with respect to a required element of the asserted causes of action,
are insufficient to state viable claims under the pleading standards mandated by federal law,
including decisions of the United States Supreme Court and recent decisions interpreting the
minimum requirements for pleading under Federal Rules 8 and 12(b).

---

[2] In Counts II and III, Plaintiff cites to N.J.S.A. sections 25:2-25(b)(2) and 25:2-25(b)(1), respectively. Not only do
these sections not provide for the recovery Plaintiff is seeking, but they also do not exist. While Counts II and III could
be dismissed on this ground alone, for the purposes of this Motion, AmEx has assumed the Plaintiff meant to cite
N.J.S.A. sections 25:2-25(a)(2)(b) and 25:2-25(a)(2)(a), respectively.

## ARGUMENT AND CITATION OF AUTHORITY

**I.    Pleading Requirements Under Federal Rules 8(a)(2) and 12(b)(6).**

Rule 8 of the Federal Rules of Civil Procedure provides, in pertinent part, that any "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The requirements for pleading sufficiently under Rule 8 have been further refined and established by Rule 12(b) and decisions of the United States Supreme Court interpreting what it requires. Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant in a civil action to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021); *see also BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co.*, 706 F. App'x 521, 523 (11th Cir. 2017). While the alleged *facts* must be accepted as true on a motion to dismiss, however, no presumption of truth applies to legal conclusions and elements. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a

3

court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court is "'not bound to accept as true a legal conclusion couched

as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 55). "A pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

"[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice

to prevent a motion to dismiss." *875 Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d

296, 333 (3d Cir. 2001); *see also Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir.

2003). Once the legal conclusions are isolated and disregarded, the court must evaluate whether

the remaining factual allegations state a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

**II.** **Counts I, II, III and IV of Plaintiff's Complaint Fail to State a Claim Because They Lack *Any* Factual Allegations Purporting to Support a *Prima Facie* Element of Each of the Constructive Fraudulent Transfer Claims Asserted Against AmEx.**

In light of the foregoing requirements for pleading in the federal courts, each of Counts I,

II, III and IV of Plaintiff's Complaint plainly fails to state a claim upon which relief can be granted.

A claim to avoid and recover constructive fraudulent transfers under section 548 of the

Bankruptcy Code, as asserted by Plaintiff in Count IV, requires as an essential, *prima facie*

element, among other things, that the debtor "was insolvent on the date that [each] such transfer

was made . . . or became insolvent as a result of such transfer;" or "was engaged in business or a

transaction, or was about to engage in business or a transaction, for which any property remaining

with the debtor was an unreasonably small capital;" or "intended to incur, or believed that [it]would

incur, debts that would be beyond the debtor's ability to pay as such debts matured." 11 U.S.C.

4

§548(a)((1)(B)(ii).  Similarly, a claim to avoid and recover constructive fraudulent transfers under

the New Jersey fraudulent transfer statute, as asserted by Plaintiff in Counts I, II and III, requires

as an essential, *prima facie* element, among other things, that the debtor, at the time of each of the

transfers at issue, "[w]as engaged or was about to engage in a business or a transaction for which

the remaining assets of the debtor were unreasonably small in relation to the business or

transaction;" "[i]ntended to incur, or believed or reasonably should have believed that the debtor

would incur, debts beyond the debtor's ability to pay as they become due" or "was insolvent at that

time or the debtor became insolvent as a result of the transfers or obligation."  *See* N.J.S.A 25:2-

25(a) and N.J.S.A. 25:2-27(a).

Yet Plaintiff's Complaint here contains *zero* factual allegations purporting to support these

required, solvency-related elements of all four of his constructive fraudulent transfer claims, much

less any specific factual allegations applicable to the entire two-year or four-year periods at issue

in Counts I, II, III and IV.  Quite literally, there are no factual allegations in the Complaint

purporting to support the Debtor's supposed insolvency, no factual allegations purporting to show

that the Debtor had unreasonably small capital, and no factual allegations regarding any intent or

belief on the part of the Debtor that it would not be able to pay its debts as they became due.  All

Plaintiff has done with respect to each of Counts I, II and III is recite, as a bare legal conclusion,

the relevant provision of the applicable statute. And his Count IV is devoid of even a single

reference to the Debtor's insolvency.

Under the minimum standards for pleading provided in the Federal Rules and articulated

in decisions of the Supreme Court, such conclusory allegations are insufficient to state a claim to

avoid and recover constructive fraudulent transfers.  As explained in a decision by Judge Dorsey

5

in the District of Delaware, and dismissing the constructive fraudulent transfer count in a complaint

with similarly conclusory allegations:

> [T]he Trustee does not plausibly allege insolvency at the time of the Transfers.  As
> [the defendant] notes, unlike in § 547 there is no presumption of insolvency during
> the lookback period under § 548.  Therefore, a plaintiff seeking to avoid transfers
> under section § 548 must allege facts that would either support a finding that the
> debtor was insolvent at the time of the transfer or that it became insolvent on
> account of the transfer. . . .  Here, no such facts were alleged.  [T]he complaint
> merely recites the language of the statute.  This is not enough under Rule 8(a)(2).

*Insys Liquidation Trust v. Quinn Emanuel Urquhart & Sullivan LLP (In re Insys Therapeutics,*

*Inc.)*, Adversary No. 21-50359 (Bankr. D. Del October 28, 2021) [DE 34] (internal citation

omitted).  The same result should occur in this case.

## CONCLUSION

Based on all of the foregoing, Counts I, II, III and IV of Plaintiff's Complaint fail to allege

any specific facts to support an essential, *prima facie* element of each his purported fraudulent

transfer claims against AmEx.  Accordingly, Counts I, II, III and IV of Plaintiff's Complaint are

facially deficient as a matter of law, fail to state a claim upon which relief can be granted, and

should be dismissed in their entirety under Rule 12(b)(6).

WHEREFORE, and for all of the foregoing reasons, AmEx respectfully requests that its

Motion be granted, and that Counts I, II, III and IV of Plaintiff's Complaint be dismissed entirely

and with prejudice.

3573263.1**Error! Unknown document property name.**

Dated: February 19, 2024

Respectfully submitted,

By: */s/ Ross J. Switkes*
**SHERMAN, SILVERSTEIN,
KOHL, ROSE & PODOLSKY, P.A.**
Bruce S. Luckman
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Tel: (856) 662-0700
Email: bluckman@shermansilverstein.com
        rswitkes@shermansilverstein.com

-and-

**ARNALL GOLDEN GREGORY LLP**
Darryl S. Laddin
Frank N. White
171 17th Street, N.W., Suite 2100
Atlanta, GA  30363-1031
Telephone: (404) 873-8500
Email: darryl.laddin@agg.com
        frank.white@agg.com

*Attorneys for Defendants American Express
Company, American Express Travel Related
Services Company, Inc., and American Express
National Bank*

7