**TRIF & MODUGNO LLC**
Louis A. Modugno, Esq.
89 Headquarters Plaza
North Tower, Suite 1201
Morristown, New Jersey 07960
Telephone: 973-547-3611
Facsimile: 973-554-1220
lmodugno@tm-firm.com
*Attorneys for Defendants,*
*Stephen Earl, Jonathan Earl*
*David Earl, and Sandra Earl*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN Re:<br><br>THE MERIT CORPORATION D/B/A MERIT KITCHENS D/B/A MERIT KITCHEN DISTRIBUTORS, INC. D/B/A MERIT KITCHENS, INC.,<br><br>**Debtor.** | Case No. 22-10460 (JKS)<br><br>Chapter 7 Proceedings<br><br>Judge: John K. Sherwood |
| BENJAMIN A. STANZIALE, Jr., Chapter 7 Trustee for The Merit Corporation d/b/a Merit Kitchens d/b/a Merit Kitchens Distributors, Inc. d/b/a Merit Kitchens, Inc.,<br><br>**Plaintiff,**<br><br>v.<br><br>AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., AMERICAN EXPRESS NATIONAL BANK, STEPHEN EARL, JONATHAN EARL, DAVID EARL, AND SANDRA EARL,<br><br>**Defendants.** | Adv. Pro No. 24-01035 (JKS) |

**STEPHEN EARL, JONATHAN EARL, DAVID EARL, AND SANDRA EARL'S ANSWER TO AMENDED ADVERSARY COMPLAINT WITH AFFIRMATIVE/SEPARATE DEFENSES**

Defendants, Stephen Earl, Jonathan Earl, David Earl, and Sandra Earl (collectively "the Earls"), as and for their Answer with Affirmative/Separate Defenses to the Amended Adversary Complaint filed by the Trustee, Benjamin A. Stanziale, Jr. Chapter 7 Trustee ("Trustee"), by and through their attorneys, Trif & Modugno LLC, states as follows:

**JURISDICTION AND VENUE**

1. The Earls admit the allegations contained in Paragraph 1 of the Amended Adversary Complaint.

2. The Earls admit the allegations contained in Paragraph 2 of the Amended Adversary Complaint.

3. Paragraph 3 of the Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

4. Paragraph 4 of the Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

5. Paragraph 5 of the Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

6. Paragraph 6 of the Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

7. Paragraph 7 of the Amended Adversary Complaint calls for a legal conclusion, to which no response is required.

**PARTIES**

8. The Earls admit the allegations contained in Paragraph 8 of the Amended

Adversary Complaint.

9. The Earls admit the allegations contained in Paragraph 9 of the Amended Adversary Complaint.

10. The Earls admit the allegations contained in Paragraph 10 of the Amended Adversary Complaint, except that Stephen Earl is the husband of Sandra Earl.

11. The Earls admit the allegations contained in Paragraph 11 of the Amended Adversary Complaint.

12. The Earls admit the allegations contained in Paragraph 12 of the Amended Adversary Complaint only to the extent that Amex, Amex NB, Amex TRS, and/or AmexCo. issued credit cards to Debtor and Stephen Earl. The Earls are without knowledge or sufficient information with which to admit or deny the remaining allegations contained in this paragraph.

## BACKGROUND FACTS

13. The Earls are without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph 13 of the Amended Adversary Complaint.

**Amex**

14. The Earls admit only that the Debtor made payments to Amex from the Santander Bank account ending in 3584. The Earls respectfully refer the Bankruptcy Court to the credit card statements and bank statements collectively referenced as "Amex 4-Year Payments" and "Amex 2-Year Payments" for their true terms and conditions. To the extent Paragraph 14 of the Amended Adversary Complaint contains any other factual allegations, those are denied.

15. The Earls admit only that the Debtor had a corporate Amex credit card account with cards issued to the Earls. The Earls respectfully refer the Bankruptcy Court to the credit card statements and bank statements collectively referenced as "Amex 4-Year Payments" and "Amex

2-Year Payments" for their true terms and conditions. To the extent Paragraph 15 of the Amended Adversary Complaint contains any other factual allegations, those are denied.

16.    The Earls are without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph 16 of the Amended Adversary Complaint.

**Jonathan Earl**

17.    The Earls admit the allegations contained in Paragraph 17 of the Amended Adversary Complaint only insofar as the Trustee asserts that Jonathan Earl was President of the Debtor and earned a salary.

18.    The Earls admit only that payments were made to Jonathan Earl from the Santander Bank account ending in 3584. The Earls respectfully refer the Bankruptcy Court to the credit card statements and bank statements referenced as "Jonathan 2-Year Payments" for their true terms, conditions, and legal effect. To the extent Paragraph 18 of the Amended Adversary Complaint contains any other factual allegations, those are denied.

19.    The allegations contained in Paragraph 19 of the Amended Adversary Complaint refer to written documents the terms of which speak for themselves. The Earls respectfully refer the Bankruptcy Court to the credit card statements and bank statements referenced as "Amex/Jonathan Card 2-Year Payments" and "Amex/Jonathan Card 4-Year Payments" for their true terms, conditions, and legal effect. To the extent Paragraph 19 of the Amended Adversary Complaint contains any other factual allegations, those are denied.

20.    The allegations contained in Paragraph 20 of the Amended Adversary Complaint refer to written documents the terms of which speak for themselves. The Earls respectfully refer the Bankruptcy Court to the credit card statements and bank statements referenced as "Amex/Jonathan 2-Year Payments" and "Amex/Jonathan 4-Year Payments" for their true terms,

conditions, and legal effect. To the extent Paragraph 20 of the Amended Adversary Complaint contains any other factual allegations, those are denied.

**David Earl**

21. The Earls admit the allegations contained in Paragraph 21 of the Amended Adversary Complaint only insofar as the Trustee asserts that David Earl was Vice-President and Secretary of the Debtor and earned a salary.

22. The Earls admit only that payments were made to David Earl from the Santander Bank account ending in 3584. The Earls respectfully refer the Bankruptcy Court to the credit card statements and bank statements referenced as "David 2-Year Payments" and "David 4-Year Payments" for their true terms, conditions, and legal effect. To the extent Paragraph 22 of the Amended Adversary Complaint contains any other factual allegations, those are denied.

23. The allegations contained in Paragraph 23 of the Amended Adversary Complaint refer to written documents the terms of which speak for themselves. The Earls respectfully refer the Bankruptcy Court to the credit card statements and bank statements referenced as "Amex/David 2-Year Payments" and "Amex/David 4-Year Payments" for their true terms and conditions. To the extent Paragraph 23 of the Amended Adversary Complaint contains any other factual allegations, those are denied.

**Stephen Earl**

24. The Earls admit the allegations contained in Paragraph 24 of the Amended Adversary Complaint.

25. The Earls respectfully refer the Bankruptcy Court to the credit card statements and bank statements referenced as "Stephen 2-Year Payments" and "Stephen 4-Year Payments" for their true terms, conditions, and legal effect. To the extent Paragraph 25 of the Amended

Adversary Complaint contains any other factual allegations, those are denied.

26. The allegations contained in Paragraph 26 of the Amended Adversary Complaint refer to written documents the terms of which speak for themselves. The Earls respectfully refer the Bankruptcy Court to the bank statements referenced as "Amex/Stephen Card 2-Year Payments" and "Amex/Stephen Card 4-Year Payments" for their true terms, conditions, and legal effect. To the extent Paragraph 26 of the Amended Adversary Complaint contains any other factual allegations, those are denied.

27. The allegations contained in Paragraph 27 of the Amended Adversary Complaint refer to written documents the terms of which speak for themselves. The Earls respectfully refer the Bankruptcy Court to the bank statements referenced as "Amex/Stephen 2-Year Payments" and "Amex/Stephen 4-Year Payments" for their true terms, conditions, and legal effect. To the extent Paragraph 27 of the Amended Adversary Complaint contains any other factual allegations, those are denied.

**Sandra Earl**

28. The Earls admit the allegations contained in Paragraph 28 of the Amended Adversary Complaint.

29. The Earls admit only that payments were made to Amex from the Santander Bank account ending in 3584. The Earls respectfully refer the Bankruptcy Court to the bank statements referenced as "Amex/Sandra 2-Year Payments" and "Amex/Sandra 4-Year Payments" for their true terms, conditions, and legal effect. To the extent Paragraph 29 of the Amended Adversary Complaint contains any other factual allegations, those are denied.

**FIRST COUNT**

30. The Earls repeat each and every response set forth in the preceding paragraphs of

their Answer to the Amended Adversary Complaint as if fully set forth at length herein.

31. The Earls deny the allegations contained in Paragraph 31 of the Amended Adversary Complaint.

32. Paragraph 32 of the Amended Adversary Complaint calls for multiple legal conclusions, to which no response is required. Additionally, the Earls are without knowledge or sufficient information with which to admit or deny the multiple factual allegations contained in this paragraph. The Earls respectfully refer the Bankruptcy Court to the referenced "income tax returns" for their true terms and conditions. To the extent this paragraph contains any other factual allegations, those are denied.

33. The Earls deny the allegations contained in Paragraph 33 of the Amended Adversary Complaint.

34. Paragraph 34 of the Amended Adversary Complaint calls for multiple legal conclusions, to which no response is required. Additionally, the Earls are without knowledge or sufficient information with which to admit or deny the multiple factual allegations contained in this paragraph. The Earls respectfully refer the Bankruptcy Court to the referenced "invoices" and "accounts payable" documents for their true terms and conditions. To the extent this paragraph contains any other factual allegations, those are denied.

35. Paragraph 35 of the Amended Adversary Complaint calls for multiple legal conclusions, to which no response is required. Additionally, the Earls are without knowledge or sufficient information with which to admit or deny the multiple factual allegations contained in this paragraph. The Earls respectfully refer the Bankruptcy Court to the referenced "accounts payable" documents for their true terms and conditions. To the extent this paragraph contains any other factual allegations, those are denied.

36. The Earls admit only that the Debtor operated business from January 20, 2018, through the date of filing the bankruptcy petition. The remaining allegations of Paragraph 36 of the Amended Adversary Complaint call for a legal conclusion, to which no response is required. To the extent this paragraph contains any other factual allegations, those are denied.

37. The Earls deny the allegations contained in Paragraph 37 of the Amended Adversary Complaint.

38. Paragraph 38 of the Amended Adversary Complaint calls for multiple legal conclusions, to which no response is required. Additionally, the Earls are without knowledge or sufficient information with which to admit or deny the factual allegations contained in this paragraph. The Earls respectfully refer the Bankruptcy Court to the referenced records and schedules for their true terms and conditions. To the extent this paragraph contains any other factual allegations, those are denied.

39. Paragraph 39 of the Amended Adversary Complaint calls for multiple legal conclusions, to which no response is required. Additionally, the Earls are without knowledge or sufficient information with which to admit or deny the multiple factual allegations contained in this paragraph. The Earls respectfully refer the Bankruptcy Court to the referenced records and schedules for their true terms, conditions, and legal effect. To the extent this paragraph contains any other factual allegations, those are denied.

40. The Earls deny the allegations contained in Paragraph 40 of the Amended Adversary Complaint.

41. The Earls deny the allegations contained in Paragraph 41 of the Amended Adversary Complaint.

**SECOND COUNT**

42. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Amended Adversary Complaint as if fully set forth at length herein.

43. The Earls deny the allegations contained in Paragraph 43 of the Amended Adversary Complaint.

44. The Earls deny the allegations contained in Paragraph 44 of the Amended Adversary Complaint.

45. The Earls deny the allegation contained in Paragraph 45 of the Amended Adversary Complaint.

### THIRD COUNT

46. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Amended Adversary Complaint as if fully set forth at length herein.

47. The Earls deny the allegations contained in Paragraph 47 of the Amended Adversary Complaint.

48. The Earls deny the allegations contained in Paragraph 48 of the Amended Adversary Complaint.

49. The Earls deny the allegations contained in Paragraph 49 of the Amended Adversary Complaint.

### FOURTH COUNT

50. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Amended Adversary Complaint as if fully set forth at length herein.

51. The Earls deny the allegations contained in Paragraph 51 of the Amended Adversary Complaint.

52. The Earls deny the allegations contained in Paragraph 52 of the Amended

Adversary Complaint.

## FIFTH COUNT

53. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Amended Adversary Complaint as if fully set forth at length herein.

54. The Earls deny the allegations contained in Paragraph 54 of the Amended Adversary Complaint.

55. The Earls deny the allegations contained in Paragraph 55 of the Amended Adversary Complaint.

## SIXTH COUNT

56. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Amended Adversary Complaint as if fully set forth at length herein.

57. Paragraph 57 of the Amended Adversary Complaint calls for a legal conclusion, to which no response is required. To the extent this paragraph contains additional factual allegations, those are denied.

58. The Earls deny the allegations contained in Paragraph 58 of the Amended Adversary Complaint.

59. The Earls deny the allegations contained in Paragraph 59 of the Amended Adversary Complaint.

## SEVENTH COUNT

60. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Amended Adversary Complaint as if fully set forth at length herein.

61. The Earls deny the allegations contained in Paragraph 61 of the Amended Adversary Complaint.

62. The Earls deny the allegations contained in Paragraph 62 of the Amended Adversary Complaint.

## AFFIRMATIVE/SEPARATE DEFENSES

### FIRST AFFIRMATIVE/SEPARATE DEFENSE

The Trustee has failed to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred by the Doctrines of Setoff and Recoupment.

### THIRD AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred and/or limited because the Debtor did not make any transfer with actual intent to hinder, delay or defraud anyone.

### FOURTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred and/or limited because the Debtor received reasonably equivalent value in exchange for all transfers referenced in the Amended Adversary Complaint.

### FIFTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred and/or limited because the Debtor was not insolvent on the date of each transfer referenced in the Amended Adversary Complaint.

### SIXTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred and/or limited because the Debtor did not make the alleged transfers for which the property remaining with the Debtor was unreasonably small.

### SEVENTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, must be dismissed because the Trustee does not stand in the shoes of any applicable creditor.

### EIGHTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred because the transfer was not made with the intent that the Debtor incur, or the belief that the Debtor would incur, debts that were beyond the Debtor's ability to pay such debts.

### NINTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred because the Debtor received new value from the Defendants.

### TENTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred because the alleged transfers to or on behalf of the Earls were in the ordinary course and financial affairs of the Debtor's business.

### ELEVENTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred because the Earls did not breach any duty to the Debtor.

### TWELTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred based on the business judgment rule.

### THIRTEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims are barred, in whole or in part, to the extent that the alleged transfers were made to pay the Debtor's business expenses.

### FOURTEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims are barred, in whole or in part, because the alleged transfers were made for value and in good faith.

### FIFTEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred because of the applicable statute of limitations.

### SIXTEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Trustee's claims, in whole or in part, are barred because the amounts claimed are overstated or misstated.

### EIGHTEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Court lacks jurisdiction over one or more of the Trustee's claims.

### NINETEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Earls are entitled to a credit to the extent of any value given for any alleged transfer.

**WHEREFORE**, the Earls deny that the Trustee is entitled to the relief sought in the Amended Adversary Complaint, and demands judgment dismissing the Amended Adversary Complaint, with prejudice, in addition to an award of attorneys' fees, litigation expenses, costs of suit, and other such relief in favor of the Earls and against the Trustee as the Bankruptcy Court deems just and appropriate.

### RESERVATION OF RIGHTS

The Earls expressly reserve all of their rights, whether at law or in equity, to amend their pleading to assert any additional affirmative/separate defenses or to assert any affirmative claims during or upon the completion of discovery.

### JURY DEMAND

The Earls demand a trial by jury to the extent any claim by the Trustee is so triable.

### CERTIFICATION OF FILING AND SERVICE

This Answer with Affirmative/Separate Defenses is being filed and served via electronic

filing on the date set forth below, and in the time and manner prescribed by the local Bankruptcy Rules of the District of New Jersey.

TRIF & MODUGNO LLC
*Attorneys for Defendants,*
*Stephen Earl, Jonathan Earl,*
*David Earl, and Sandra Earl*

By: s/ *Louis Modugno*
Louis A. Modugno

Dated: April 12, 2024