**TRIF & MODUGNO LLC**
Louis A. Modugno, Esq.
89 Headquarters Plaza
North Tower, Suite 1201
Morristown, New Jersey 07960
Telephone: 973-547-3611
Facsimile: 973-554-1220
lmodugno@tm-firm.com
*Attorneys for Defendants,*
*Stephen Earl, Jonathan Earl,*
*David Earl, and Sandra Earl*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN Re:<br><br>**THE MERIT CORPORATION D/B/A MERIT KITCHENS D/B/A MERIT KITCHEN DISTRIBUTORS, INC. D/B/A MERIT KITCHENS, INC.,**<br><br>**Debtor.** | Case No. 22-10460 (JKS)<br><br>Chapter 7 Proceedings<br><br>Judge: John K. Sherwood |
| **BENJAMIN A. STANZIALE, Jr., Chapter 7 Trustee for The Merit Corporation d/b/a Merit Kitchens d/b/a Merit Kitchens Distributors, Inc. d/b/a Merit Kitchens, Inc.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., AMERICAN EXPRESS NATIONAL BANK, STEPHEN EARL, JONATHAN EARL, DAVID EARL, AND SANDRA EARL,**<br><br>**Defendants.** | Adv. Pro No. 24-01035 (JKS) |

**STEPHEN EARL, JONATHAN EARL, DAVID EARL, AND SANDRA EARL'S ANSWER TO CROSS-CLAIMS WITH AFFIRMATIVE/SEPARATE DEFENSES**

Defendants, Stephen Earl, Jonathan Earl, David Earl, and Sandra Earl (collectively "the Earls"), as and for their Answer with Affirmative/Separate Defenses to the Cross-Claims filed by Defendants, American Express Company, American Express Travel Related Services Company, Inc. and American Express National Bank (collectively, "American Express"), by and through their attorneys, Trif & Modugno LLC, states as follows:

**Jurisdiction and Venue**

1. Paragraph 1 of the Cross-Claims calls for a legal conclusion, to which no response is required.

2. Paragraph 2 of the Cross-Claims calls for a legal conclusion, to which no response is required.

**Background Facts**

3. The Earls need not admit nor deny the allegations contained in Paragraph 3 of the Cross-Claims insofar as American Express attempts to summarize the Plaintiff's claims.

4. The Earls admit the allegations contained in this paragraph 4 of the Cross-Claims to the extent American Express denies liability to Plaintiff. The Earls deny the remaining allegations in Paragraph 4 of the Cross-Claims.

**Count I
(Breach of Contract)**

5. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Cross-Claims as if fully set forth at length herein.

6. The Earls admit the allegations contained in Paragraph 6 of the Cross-Claims.

7. The Earls deny the allegations contained in this paragraph 7 of the Cross-Claims.

8. The Earls admit only that American Express issued credit cards. The Earls respectfully refer the Bankruptcy Court to the referenced "contract" documents and "CMA" for their true terms, conditions, and legal effect. The remaining allegations of Paragraph 8 of the Cross-Claims call for a legal conclusion, to which no response is required.

9. The Earls are without knowledge or sufficient information with which to admit or deny the remaining allegations contained in Paragraph 9 of the Cross-claims.

10. The Earls admit only that American Express issued credit cards. The Earls respectfully refer the Bankruptcy Court to the referenced "CMA" for its true terms, conditions, and legal effect. The remaining allegations of Paragraph 10 of the Cross-Claims call for a legal conclusion, to which no response is required.

11. The Earls deny the allegations contained in Paragraph 11 of the Cross-Claims.

12. Paragraph 12 of the Cross-Claims calls for multiple legal conclusions, to which no response is required. The Earls respectfully refer the Bankruptcy Court to the referenced "Corporate Card Agreement" for their true terms, conditions, and legal effect. To the extent Paragraph 12 of the Cross-Claims contains any other factual allegations, those are denied.

13. The Earls deny the allegations contained in Paragraph 13 of the Cross-Claims.

## Count II
**(Unjust Enrichment)**

14. The Earls repeat each and every response set forth in the preceding paragraphs of their Answer to the Cross-Claims as if fully set forth at length herein.

15. The Earls admit the allegations contained in Paragraph 15 of the Cross-Claims.

16. The allegations of Paragraph 16 of the Cross-Claims call for a legal conclusion, to which no response is required. To the extent Paragraph 16 of the Cross-Claims contains any other factual allegations, those are denied.

17. The Earls deny the allegations contained in Paragraph 17 of the Cross-Claims.

18. Paragraph 18 of the Cross-Claims calls for multiple legal conclusions, to which no response is required. To the extent Paragraph 18 of the Cross-Claims contains any other factual allegations, those are denied.

19. Paragraph 19 of the Cross-Claims calls for multiple legal conclusions, to which no response is required. To the extent Paragraph 19 of the Cross-Claims contains any other factual allegations, those are denied.

20. The Earls deny the allegations contained in Paragraph 20 of the Cross-Claims.

## AFFIRMATIVE/SEPARATE DEFENSES

### FIRST AFFIRMATIVE/SEPARATE DEFENSE

American Express has failed to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE/SEPARATE DEFENSE

American Express' claims, in whole or in part, are barred by the Doctrines of Setoff and Recoupment.

### THIRD AFFIRMATIVE/SEPARATE DEFENSE

American Express' claims, in whole or in part, are barred and/or limited because the Debtor did not make any transfer with actual intent to hinder, delay or defraud anyone.

### FOURTH AFFIRMATIVE/SEPARATE DEFENSE

American Express' claims, in whole or in part, are barred and/or limited because the Debtor received reasonably equivalent value in exchange for all transfers referenced in the Cross-Claims.

### FIFTH AFFIRMATIVE/SEPARATE DEFENSE

American Express' claims, in whole or in part, are barred and/or limited because the

Debtor was not insolvent on the date of each transfer referenced in the Cross-Claims.

**SIXTH AFFIRMATIVE/SEPARATE DEFENSE**

American Express' claims, in whole or in part, are barred and/or limited because the Debtor did not make the alleged transfers for which the property remaining with the Debtor was unreasonably small.

**SEVENTH AFFIRMATIVE/SEPARATE DEFENSE**

American Express' claims, in whole or in part, are barred because the transfer was not made with the intent that the Debtor incur, or the belief that the Debtor would incur, debts that were beyond the Debtor's ability to pay such debts.

**EIGHTH AFFIRMATIVE/SEPARATE DEFENSE**

American Express' claims, in whole or in part, are barred because the Debtor received new value from the Defendants.

**NINTH AFFIRMATIVE/SEPARATE DEFENSE**

American Express' claims, in whole or in part, are barred because the alleged transfers to or on behalf of the Earls were in the ordinary course and financial affairs of the Debtor's business.

**TENTH AFFIRMATIVE/SEPARATE DEFENSE**

American Express' claims, in whole or in part, are barred because the Earls did not breach any duty to the Debtor.

**ELEVENTH AFFIRMATIVE/SEPARATE DEFENSE**

American Express' claims, in whole or in part, are barred based on the business judgment rule.

**TWELTH AFFIRMATIVE/SEPARATE DEFENSE**

American Express' claims are barred, in whole or in part, to the extent that the alleged transfers were made to pay the Debtor's business expenses.

### THIRTEENTH AFFIRMATIVE/SEPARATE DEFENSE

American Express' claims are barred, in whole or in part, because the alleged transfers were made for value and in good faith.

### FOURTEENTH AFFIRMATIVE/SEPARATE DEFENSE

American Express' claims, in whole or in part, are barred because of the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE/SEPARATE DEFENSE

American Express' claims, in whole or in part, are barred because the amounts claimed are overstated or misstated.

### SIXTEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Court lacks jurisdiction over one or more of American Express's claims.

### SEVENTEENTH AFFIRMATIVE/SEPARATE DEFENSE

The Earls are entitled to a credit for any value given for any alleged transfer.

**WHEREFORE**, the Earls deny that American Express is entitled to the relief sought in the Cross-Claims, and demands judgment dismissing the Cross-Claims, with prejudice, in addition to an award of attorneys' fees, litigation expenses, costs of suit, and other such relief in favor of the Earls and against American Express as the Bankruptcy Court deems just and appropriate.

### RESERVATION OF RIGHTS

The Earls expressly reserve all of their rights, whether at law or in equity, to amend their pleading to assert any additional affirmative/separate defenses or to assert any affirmative claims during or upon the completion of discovery.

### JURY DEMAND

The Earls demand a trial by jury to the extent any claim by American Express is so triable.

## CERTIFICATION OF FILING AND SERVICE

This Answer with Affirmative/Separate Defenses is being filed and served via electronic filing on the date set forth below, and in the time and manner prescribed by the local Bankruptcy Rules of the District of New Jersey.

                                                                           TRIF & MODUGNO LLC
*Attorneys for Defendants,*
*Stephen Earl, Jonathan Earl,*
*David Earl and Sandra Earl*

By:    */s/ Louis Modugno*
       Louis A. Modugno

Dated: April 29, 2024